

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,158-01

### EX PARTE SAMUEL WESLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W88-89690-S(A) IN THE 282ND DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of robbery and sentenced to twenty-five years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was not provided with a written statement setting out the evidence relied on and the reasons for revoking his parole. Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972); *see also Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant was provided a written statement by the fact finders as to the evidence relied on and the reasons for revoking his parole. The trial court shall make findings of fact and conclusions of law on whether Applicant was provided due process in his parole revocation process. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 27, 2021
Do not publish